[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY COUNSEL (#117)
This is an action for dissolution that was commenced on August 5, 1993, with a return date of August 31, 1993. The plaintiff, Jean Rompre, has filed this motion, dated January 11, 1995, to disqualify her husband's attorney, Robert S. Kolesnik. It is the plaintiff's claim that within three months of the commencement of the instant action, she and her husband consulted with Attorney Joseph B. Horzepa in connection with the preparation of an estate plan, and that Attorney Horzepa and Attorney Kolesnik are associated in the practice of law. At the hearing that was held on January 23, 1995, the plaintiff testified that her meeting with Attorney Horzepa took place approximately within ninety days of the filing of the complaint here, and that, in fact, Attorney Horzepa actually prepared a will and trust for these parties, which were never executed.
Attorney Kolesnik argues that although Attorney Horzepa's CT Page 1698-Q name appears on his stationery (plaintiff's Exhibit 1), that, in fact, Attorney Horzepa is not a law partner or an associate of his. It is Attorney Kolesnik's claim that Attorney Horzepa does estate work for Attorney Kolesnik's clients, and that he does the trial work for Attorney Horzepa's clients, and that is the reason Attorney Horzepa's name appears on his stationery. Attorney Kolesnik further argues that he has obtained all the financial information from the plaintiff in this case through discovery, and that no information was given to him by Attorney Horzepa. He also indicated that Attorney Horzepa maintains his own separate office in Watertown, which is completely separate and distinct from his own office.
It is the plaintiff's claim that because the plaintiff consulted with Attorney Horzepa regarding her estate planning within 90 days of the commencement of this action, and thereby divulged information about all of her assets, a conflict of interest exists because Attorney Horzepa is associated with her husband's attorney, Attorney Kolesnik.
At issue here is rule 1.9 and rule 1.10 of the Rules of CT Page 1698-R Professional Conduct. Rule 1.10(a) states that "[w]hile lawyers are associated in a firm none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by . . . rules 1.9." Attorney Kolesnik's argument that Attorney Horzepa, whose name appears on his letterhead, is not a member of his firm is a fact known only to himself and Attorney Horzepa. There is no explanation of that unusual relationship noted on the letterhead of Kolesnik 
Norris (plaintiff's Exhibit 1). As the comment to rule 1.10 states, "[i]f they present themselves as a firm, they should be regarded as a firm for the purposes of the rules." Unfortunately, both Attorney Kolesnik and Attorney Horzepa suggest to the world that they are associated in the practice of law and that Attorney Horzepa is a member of the Kolesnik Norris law firm. The stationery (plaintiff's Exhibit 1) is evidence of that fact, and the court finds that Attorney Kolesnik and Attorney Horzepa have held out to the public that they are members of the same law firm.
Having found that Attorney Kolesnik and Attorney Horzepa are "associated" with each other in the practice of law, then CT Page 1698-S the court must determine whether Attorney Kolesnik is in conflict with rule 1.9(a), which states that if he formerly represented the plaintiff, he cannot now represent the plaintiff's husband in a substantially related matter which is materially adverse to her interests. There is little question that the instant matter is adverse to the plaintiff, nor can it be seriously argued that the services performed in connection with the preparation of an estate plan are not substantially related to the services rendered in connection with an action for dissolution. Both matters involve detailed investigation of the current assets, future assets, and the evaluation and ownership of same. The court finds that the matters are substantially related. Whether Attorney Kolesnik had any conversation with Attorney Horzepa or was privy to any of the information obtained by Attorney Horzepa is not pertinent.
 Once the existence of a prior attorney client relationship is established and a substantial relationship between the matters in issue is found, the court need not inquire whether the attorney in fact received confidential information, because the receipt of such CT Page 1698-T information is presumed. (Citations omitted.) State v. Jones, 180 Conn. 443, 450.
In the matter of O'Neill v. DiBlasi, No. 097194, Superior Court, Judicial District of Waterbury, July 1994, (Sullivan, J.), the court decided that the plaintiff's attorney, who previously did an estate plan for the defendant, could not represent the plaintiff in a malpractice action. The court reasoned that knowledge of the defendant's assets could be used to the defendant's detriment if the plaintiff obtained a judgment in excess of the defendant's insurance policy. The court there granted the defendant's motion to disqualify the plaintiff's attorney. See also Drevline v. Drevline,
12 Conn. L. Rptr. No. 19, 623, December 5, 1993.
 This court has broad discretionary powers to determine whether an attorney should be disqualified for an alleged breach of confidentiality or conflict of interest. State v. Jones, supra, 443, 448.
The court finds that Attorney Kolesnik's representation of CT Page 1698-U the defendant in this matter is a conflict of interest, and therefore, will grant the plaintiff's motion to disqualify Attorney Kolesnik from representing the defendant in the instant action.
PELLEGRINO, J.